UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12995-RWZ

JALONNI TUCKER

v.

DANIEL L. MONACO, et al.

ORDER

ZOBEL, D.J.

1.  The motion for leave to proceed in forma pauperis (#2) is GRANTED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $33.28. The remainder of the fee, $316.72, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

2.  The Clerk shall correct the docket to delete the Department of Corrections ("DOC") as a defendant. Although the caption of the complaint includes the DOC as a defendant, it is not included in the recitation of the parties within the body of the complaint. See Compl. at 1. Thus, it appears that the DOC was included in the caption merely to identify the employer of the individual defendants.

Further, the DOC is not a proper defendant in this action.[1] The Eleventh Amendment of the United States Constitution[2] generally is recognized as a bar to suits in federal courts against a State, its departments and its agencies, unless the State has consented to suit or Congress has overridden the State's immunity. See Regents of the

---

[1] The Court may review the sufficiency of the complaint prior to service of summons. See 28 U.S.C. §§ 1915(e)(2), 1915A.

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.

Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hudson Sav. Bank v. Austin, 479 F.3d 102, 105-06 (1st Cir. 2007).  Here, the Court cannot discern any claim for relief against the DOC for which the Commonwealth of Massachusetts has waived its immunity or Congress has overridden it.

       3.     The Clerk shall issue summonses as to Daniel L. Monaco and Denny M. Santos and the United States Marshal shall serve a copy of the summonses, complaint, and this order upon the defendants as directed by plaintiff with all costs of service to be advanced by the United States.  The plaintiff shall have 120 days from the date of this order to complete service.

       4.     The defendants are required to respond to the complaint.  See 42 U.S.C. § 1997e(g)(2).

       5.     The motion for appointment of counsel (#3) is DENIED WITHOUT PREJUDICE.  Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it is very difficult for the Court to find attorneys who will accept appointment as pro bono counsel.  To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  See DesRosiers, 949 F.2d at 23.  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  See id. at 24.  Because the defendants have not responded to the complaint, the Court cannot determine whether exceptional circumstances exist that would justify appointment of counsel.  The plaintiff may renew the motion after he has served the

Case 1:13-cv-12995-RWZ Document 7 Filed 03/14/14 Page 3 of 3

complaint and summons upon the defendants and they have responded to the complaint.

SO ORDERED.

  3/14/14                /s/ Rya W. Zobel
DATE                   RYA W. ZOBEL
                      UNITED STATES DISTRICT JUDGE